In the Matter of JACK G. GOLDBERG (Admitted as JACK GERALD GOLDBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick P. Hafetz* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Jack G. Goldberg, Esq. (respondent) was admitted to practice, as an attorney and counselor-at-law in the courts of the State of New York, by this court, on December 21, 1967. At all

times relevant herein, respondent has maintained an office for the practice of law within this Department.

On or about March 7, 1990, in the United States District Court for the Southern District of New York, respondent pleaded guilty to the crime of mail fraud (18 USC §§ 1341, 2), which is a felony under the laws of the United States. Thereafter, he was sentenced to a period of three years' probation, fined $10,000, required to satisfy certain civil judgments, arising out of his crime, and directed to perform 300 hours of community service.

Following respondent's conviction and sentence, in May 1990, the Departmental Disciplinary Committee (petitioner) filed a petition seeking an order from this court, finding that the crime of which respondent was convicted is a "serious crime", pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g) before the petitioner, who shall thereupon hold a hearing and issue a report and recommendation to this court, why a final order of censure, suspension or removal from office should not be entered.

By counsel, respondent has submitted an answer, which, in substance, admits his conviction and requests a hearing, in order to present matters in mitigation.

We have reviewed the motion papers and the answer, as well as the judgment of respondent's conviction, which is exhibit B to the petition.

Accordingly, we grant the petitioner's motion, and deem that the respondent committed a "serious crime" (Judiciary Law § 90 [4] [d]), suspend respondent from the practice of law, pending a final order of the court (Judiciary Law § 90 [4] [f]), and direct respondent to show cause before the petitioner, who shall thereupon hold a hearing and issue a report and recommendation to this court, why a final order of censure, suspension, or removal from office should not be entered (Judiciary Law § 90 [4] [h]).

MURPHY, P. J., KUPFERMAN, ROSS, KASSAL and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law

in the State of New York, effective immediately, and until the further order of this court and, if so advised, respondent may request a hearing before petitioner, all as indicated.